UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| OLIVER MASON, | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 1:23-cv-00631 (UNA) |
| FNU KENT, | ) |
|       Defendant. | ) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. At the outset, the court notes that both the IFP application and the complaint are unsigned, in contravention of Federal Rule 11(a). Consequently, both submissions are formally deficient, and the IFP application shall be denied. However, even if plaintiff's submissions complied with Rule 11(a), this matter would not survive.

Plaintiff, a resident of Belton, Texas, sues an individual identified only as "FNU [First Name Unknown] Kent," who plaintiff contends is the "supervisor of IRS." Plaintiff provides an address in Hyattsville, Maryland associated with this individual, but then also lists "Washington, D.C." as his location. This information fails to comply with D.C. Local Civil Rule 5.1(c)(1), and moreover, "there is no provision in the federal statutes or federal rules of civil procedure for the use of fictitious defendants[,]" *Armstrong v. Bureau of Prisons*, 976 F. Supp. 17, 23 (D.D.C. 1997) (citing *Saffron v. Wilson*, 70 F.R.D. 51, 56 (D.D.C. 1975) (other citation omitted)), *aff'd*, No. 97-5208, 1998 WL 65543 (D.C. Cir. Jan. 30, 1998).

The allegations themselves fare no better. Plaintiff appears to allege that he is owed money by the Internal Revenue Service ("IRS") that that those funds were somehow stolen or improperly

withheld by the federal government. He states that he "mailed checks, vouchers . . . electronic accounts[,] [a]lbums of business and banks and dealing with Bush Jr. in Las Vegas and Wall Street." He demands the return of his "income tax from business and labor," but he does not specify the amount that he is purportedly owed.

First, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant complaint falls into this category.

Second, plaintiff has failed to establish subject matter jurisdiction. The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v.*

*Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff attempts to raise a federal question, but then cites only vaguely to the "Federal Reserve," without any context or authority in support. While he does not attempt to invoke diversity jurisdiction, even if he did, he would be unsuccessful. It is unclear where the sole defendant is located, and the citizenship of every party to the action must be distinctly alleged [in the complaint] and cannot be established presumptively or by mere inference." *Meng v. Schwartz*, 305 F. Supp. 2d 49, 55 (D.D.C. 2004) (citation omitted). And the citizenship requirement must be "assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). Furthermore, plaintiff has not specified the amount in controversy, which must also be determined at the time an action is commenced. *King v. Morton*, 520 F.2d 1140, 1145 (D.C. Cir. 1975).

Finally, federal district courts shall have original jurisdiction, concurrent with the United States Court of Federal Claims, of:

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws[.]

28 U.S.C. § 1346(a)(1). However, the Tucker and Little Tucker Acts, 28 U.S.C. §§ 1491, 1346(a)(2), set limits on the circumstances in which the United States may be sued for monetary relief. The United States Court of Federal Claims generally has exclusive jurisdiction over claims, such as here, "not sounding in tort" and brought "against the United States for 'liquidated or unliquidated damages'" exceeding $10,000. *Smalls v. United States*, 471 F.3d 186, 189 (D.C. Cir. 2006) (quoting 28 U.S.C. § 1491); *see Kidwell v. Dep't of Army, Bd. for Correction of Military*

*Records*, 56 F.3d 279, 284 (D.C. Cir. 1995) ("[A] claim is subject to the Tucker Act and its jurisdictional consequences if, in whole or in part, it explicitly or 'in essence' seeks more than $10,000 in monetary relief from the federal government.") (citations omitted).  Here, if plaintiff seeks more than $10,00, he must file for such relief in the United States Court of Federal Claims.  *See* 28 U.S.C. § 1346(a)(2).

For all of these reasons, the court denies plaintiff's IFP application, ECF No. 2, and dismisses the complaint, ECF No. 1, without prejudice.  An order accompanies this memorandum opinion.

Date:  April 17, 2023

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge